WILLARD JENKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenkins v. Commissioner
Docket No. 6083-88.
United States Tax Court
T.C. Memo 1989-122; 1989 Tax Ct. Memo LEXIS 122; 56 T.C.M. (CCH) 1534; T.C.M. (RIA) 89122; March 27, 1989. Edward J. Haas, for the petitioner. Curt Rubin, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT,Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1983 *123 in the amount of $ 2,799 and additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a). [1] Some issues have been settled and the only remaining issue concerns petitioner's entitlement to dependency exemptions with respect to his two daughters. Trial of this case was held on February 16, 1989, in New York, New York. At the trial, petitioner was represented by counsel, however, petitioner did not personally appear. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner and Mrs. Jeanne Rich were married from 1967 through 1971. The five-year marriage produced two children -- Hawley and Kendall. In 1971, petitioner and Mrs. Rich divorced, and Mrs. Rich married Roger Rich, her current husband. By this second marriage, Mrs. Rich has had three children. Upon divorce from petitioner in 1971, Mrs. Rich was granted custody of Hawley and Kendall, which she retained through 1983, the year in issue. Under the separation agreement entered into on October 1, 1970, and still in effect throughout *124 1983, petitioner was to make monthly support payments with respect to the two daughters in the total amount of $ 350 per month. The evidence indicates that in 1983 petitioner made support payments in excess of $ 1,200 with respect to each child. In 1983 the Richs, including Hawley and Kendall, lived in a large home in an exclusive neighborhood of Greenwich, Connecticut. The home was on a six-acre, wooded parcel with a swimming pool, tennis court, and jacuzzi. The estimated rental value for the home in 1983 was $ 4,000 per month. During a portion of 1983, Hawley was in school in Rhode Island and was living with Mrs. Rich's mother. Mrs. Rich paid her mother a few hundred dollars a month to offset additional expenses her mother incurred as a result of Hawley living with the mother. During July of 1983, Hawley and Kendall flew to California to visit petitioner. Petitioner paid the travel expenses of this trip and the living expenses of his daughters while they were in California. Assuming petitioner in 1983 made all of the monthly support payments for the two daughters, the total payments for the year of $ 4,200 and the payments relating to the daughters' California trip would *125 not have begun to equal 50 percent of the total living expenses relating to the two daughters that were paid by the Richs. The Richs paid expenses relating to the home mortgage and the maintenance of the home, insurance and taxes, groceries, family vacations, social activities, and miscellaneous school activities. On the 1983 joint Federal income tax return of Mrs. and Mr. Rich, Hawley and Kendall were claimed as dependents. Petitioner did not file a 1983 individual Federal income tax return. On audit, respondent determined petitioner's income and deductions, and respondent disallowed the dependency exemptions claimed by petitioner with respect to Hawley and Kendall. OPINION Section 152(e)(2), as applicable for 1983, among other things,provided a special rule that the parent not having custody of a child will be entitled to the dependency exemption for the child if such parent provides at least $ 1,200 for the support of the child and if the custodial parent does not establish that he or she provided more support for the child during the year than the other parent. [2], affd. per curiam . *126 On the evidence before us, we conclude that the Richs in 1983 clearly established that they provided more than half of the support for both Hawley and Kendall. The family lived lavishly, and the Richs incurred substantial expenses *127 on behalf of each of the daughters. Exact total amounts are not in evidence, but it is clear that the substantial sums of money Mrs. and Mr. Rich spent to provide and furnish the Greenwich, Connecticut home and to sustain and entertain the family, including Hawley and Kendall, exceeded the few thousand dollars petitioner provided as support for the daughters. Respondent's disallowance of the dependency exemptions petitioner claims with respect to Hawley and Kendall for 1983 are sustained. The additions to tax determined by respondent were not seriously contested by petitioner at trial, and each of the additions to tax are sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Sec. 152(e)(2), provides in relevant part, as follows: (e) Support Test in Case of Child or Divorced Parents, Et Cetera. -- * * * (2) Special rule. -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- * * * (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩